# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff(s),<br><br>v.<br><br>DIANE TEDESCO,<br><br>        Defendant(s). | 2:10-CR-509 JCM (RJJ) |

# ORDER

Presently before the court is petitioner Diane Tedesco's motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. # 14). The government filed a response in opposition. (Doc. # 17).

**I.    Background**

On October 29, 2010, pursuant to a plea agreement (doc. # 5), petitioner waived indictment (doc. # 2) and pled guilty to a two-count information charging her with conspiracy to distribute and conspiracy to acquire oxycodone by fraud (docs. # 3, 4). The plea agreement included, *inter alia*, a waiver of the right to appeal her conviction and sentence, except an upward departure, and all non-waivable claims of ineffective assistance of counsel. (Doc. # 5 at 4).

On January 27, 2011, this court sentenced petitioner to 110 months on count one and forty-eight months on count two to run concurrently, with five years supervised release on count one and one year on count two, also to run concurrently. (Doc. # 9). Petitioner was advised of her right to file an appeal. (Doc. # 9). The court entered judgment on February 9, 2011 (doc. # 10), and judgment became final on February 23, 2011, as petitioner did not file a direct appeal. *See* Fed. R. App. P.

**James C. Mahan**
**U.S. District Judge**

4(b)(1)(A).

On June 19, 2014, petitioner filed the instant motion to vacate based on: (1) erroneous sentencing; (2) ineffective assistance of counsel; (3) subsequent change in sentencing guidelines; and (4) "miscarriage of justice." (Doc. # 14).

## II.   Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III.  Discussion

Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

As judgment became final on February 23, 2011, petitioner had until February 23, 2012, to file the instant motion. Pursuant to § 2255(f)(1), petitioner's motion is time barred as it was filed on June 19, 2014. Moreover, petitioner has not shown the applicability of § 2255(f)(3) to overcome the time bar.

1    Petitioner contends that the one-year statute of limitations does not bar her motion based on
2 two new Supreme Court decisions: (1) *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (2)
3 *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Doc. # 14 at 13). Petitioner's argument lacks
4 merit as she has not demonstrated the applicability of either case.

5    In *Alleyne*, the Supreme Court held that because "[m]andatory minimum sentences increase
6 the penalty for a crime[,] . . . any fact that increases the mandatory minimum is an 'element' that must
7 be submitted to the jury." 133 S. Ct. at 2155 (overruling *Harris v. United States*, 536 U.S. 545 (2002)).

8    As petitioner was not subject to a mandatory minimum, *Alleyne* does not apply here.

9    Petitioner characterizes *Descamps* as holding "enhancement due to prior state crime should not
10 qualify to increase current crime." (Doc. # 14 at 12). The court disagrees. *Descamps* merely clarified
11 the approaches district courts may use to apply the provisions of the Armed Career Criminals Act
12 ("ACCA"). *See* 133 S. Ct. at 2293 (abrogating *United States v. Aguila-Montes de Oca*, 655 F.3d 915
13 (9th Cir. 2011) and *United States v. Armstead*, 467 F.3d 943 (6th Cir. 2006)). As petitioner's sentence
14 was not based upon the provisions of the ACCA, *Descamps* is not relevant to the instant case.

15    As neither of the cases cited by petitioner relates to an applicable "right [that] has been newly
16 recognized by the Supreme Court," the motion to vacate will be denied as time-barred. *See* 28 U.S.C.
17 § 2255(f)(3).

18    Furthermore, the court declines to issue a certificate of appealability. The controlling statute
19 in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as
20 follows:

21    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
      district judge, the final order shall be subject to review, on appeal, by the court
22    of appeals for the circuit in which the proceeding is held.

23    (b) There shall be no right of appeal from a final order in a proceeding to test
      the validity of a warrant to remove to another district or place for commitment
24    or trial a person charged with a criminal offense against the United States, or
      to test the validity of such person's detention pending removal proceedings.
25
      (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an
26    appeal may not be taken to the court of appeals from–

27        (A) the final order in a habeas corpus proceeding in which the detention
          complained of arises out of process issued by a [s]tate court; or
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

      (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. # 14) be, and the same hereby is, DENIED.

DATED July 30, 2014.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -