UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DIANE TEDESCO,<br><br>Defendant(s). | Case No. 2:10-cr-00509-JCM-RJJ<br><br>ORDER |

Presently before the court is *pro se* defendant Diane Tedesco's ("defendant") motion for a sentence reduction under Amendment 782 of 18 U.S.C. § 3582(c). (Doc. # 21). Also before the court is the federal public defender's motion to withdraw as counsel. (Doc. # 27).

On November 21, 2014, defendant filed her *pro se* motion for a sentence reduction. (Doc. # 21). On January 6, 2015, pursuant to the District of Nevada's protocol for discretionary sentence reductions, the court entered an order appointing the federal public defender as counsel to represent the defendant. (Doc. # 25).

In its order, the court directed probation to prepare a supplemental presentence report ("PSR") addressing whether, in the probation office's assessment, the defendant is statutorily eligible for a sentence reduction under Amendment 782. The court further ordered the federal public defender to file any appropriate motion or stipulation within 120 days. (Doc. # 25).

Under the District of Nevada's protocol for discretionary sentence reductions, if counsel for the defendant determines that the defendant is not eligible for a sentence reduction, counsel shall communicate that determination to the defendant and move to withdraw as counsel.

On May 12, 2015, the federal public defender filed the instant motion to withdraw as attorney in this case. Counsel states that it has reviewed the defendant's file, including all relevant

**James C. Mahan**
**U.S. District Judge**

1  court documents.  Based on this review, counsel represents that it will not file any motion for a
2  sentence reduction on the defendant's behalf.  Accordingly, the federal public defender now seeks
3  to withdraw as counsel.  (Doc. # 27).

4        The District of Nevada's protocol for discretionary sentence reductions provides that if
5  defense counsel files a motion to withdraw, the court will review probation's supplemental PSR
6  and determine whether a response from the United States attorney's office ("USAO") to
7  defendant's *pro se* motion is necessary, or whether it can rule on the motion without requiring a
8  government response.  If the court determines that a response from the USAO is warranted, it shall
9  order one.

10       In the present case, the court finds that a response from the USAO is unnecessary to rule
11 on the motion.  Probation has provided the court with a reduction of sentence report for this
12 defendant.  Probation recommends that the court find the defendant ineligible for a sentence
13 reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G. § 1B1.10.

14       Probation notes that at defendant's sentencing hearing, the court departed downward to a
15 lower criminal history category pursuant to U.S.S.G. § 4A1.3, on the grounds that the defendant's
16 criminal history was overrepresented.  Accordingly, the court imposed a sentence below the
17 originally calculated guideline range.  Specifically, probation calculated defendant's guideline
18 sentencing range to be 130 to 162 months, and the court sentenced defendant to 110 months.  (Doc.
19 # 26).

20       Pursuant to 18 U.S.C. § 3582, the court may reduce a term of imprisonment where a
21 defendant has been sentenced based on a sentencing range subsequently lowered by the United
22 States Sentencing Commission after considering the factors set forth in 18 U.S.C. § 3553(a).  18
23 U.S.C. § 3582(c)(2).  Reductions in a term of imprisonment based on an amended guideline range
24 are governed by the policy statement set forth at U.S.S.G. § 1B1.10.

25       Pursuant to U.S.S.G. § 1B1.10(b)(2), the court generally may not reduce a defendant's term
26 of imprisonment to a period less than the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).
27 The sole exception to this rule involves cases in which the defendant originally received a below-
28

**James C. Mahan**
**U.S. District Judge**

guideline sentence pursuant to a government motion for substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B).

Based on the foregoing, the court finds that the defendant is not entitled to a discretionary sentence reduction in this case. Defendant's existing sentence reflects the low end of the applicable amended guideline range, and the statute does not permit further reduction.

Defendant's motion will therefore be denied. Additionally, pursuant to the protocol, the court will grant the federal public defender's motion to withdraw as counsel.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* defendant Diane Tedesco's motion for a sentence reduction, (doc. # 21), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the federal public defender's motion to withdraw as counsel, (doc. # 27), be, and the same hereby is, GRANTED.

DATED May 26, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**